UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JOSEPH GARDNER and STACY STEBBINS,**

    **Plaintiff,**                          **CASE NO.:**

vs.

**BLUE SKY COURIERS, INC.,**

    **Defendant.**                **/**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, JOSEPH GARDNER and STACY STEBBINS, (hereinafter collectively referred to as "Plaintiffs") were employees of Defendant, BLUE SKY COURIERS, INC., ("BLUE SKY" or "Defendant") and bring this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiffs brings this action pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §§206(a) and 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 6(a) of the FLSA requires employers to pay covered employees at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. §206 (a).

4.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

7.      Defendant has violated and continues to violate the FLSA by misclassifying its drivers/couriers, including Plaintiffs, as "independent contractors" and refusing to pay them a livable wage.

8.      Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled."[1]

9.      Misclassification of workers also costs the government billions of dollars in unpaid taxes.[2]

---

[1] Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), *available online at* www.dol.gov.

[2] Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at http://www.whitehouse.gov/strongmiddleclass/reports.

10. Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See* http://www.dol.gov/whd/workers/misclassification/.

11. Defendant's misclassification of Plaintiffs puts law-abiding companies at a competitive disadvantage.[3]

## JURISDICTION AND VENUE

12. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

13. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 as they arise under the FLSA, 29 U.S.C. §201, *et seq*.

14. Defendant, BLUE SKY, conducts business in, among others, Shelby County, Tennessee, therefore venue is proper in the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

15. Defendant, BLUE SKY, a Tennessee Corporation, is in the business of operating an expedited delivery service business located at 830 S. Bellevue Boulevard, Memphis, TN 38104.

---

[3] *See supra* note 2 at pg. 21.

16. Plaintiff, JOSEPH GARDNER, was classified by Defendant as an "independent contractor" to perform duties as a driver/courier from on or around March 2013 through March 2020.

17. Plaintiff, STACY STEBBINS, performed duties as a driver/courier for Defendant from on or around March 2013 through March 2020, but without receiving any compensation from Defendant whatsoever.

## COVERAGE

18. At all material times hereto, Defendant was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

19. At all material times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

20. Based upon information and belief, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

21. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. vehicles, license plates and/or office supplies).

22. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

23. Additionally, Plaintiffs were individually engaged in interstate commerce during their employment with Defendant as a result of making routine deliveries on behalf of Defendant throughout the United States, including but not limited to in New Orleans, Georgia, Texas, Kentucky and Missouri.

**GENERAL ALLEGATIONS**

24. Defendant, BLUE SKY, is among other things, a local and regional expedited delivery services company hires "drivers/couriers" to provide, among other things, medical supplies and equipment, mining supplies and aircraft parts for Defendant's customers.

25. Defendant, BLUE SKY states that it "has over 120 professional, uniformed drivers, and are staffed 24 hours-a-day, 7 days-a-week." *See* Defendant's website at https:://blueskycouriers.com/about-company/.

26. To service Defendant's clients, Defendant contracts directly with drivers/couriers who utilize their personal small vehicles (a gross vehicle weight rating of 10,000 pounds or less) to transport and distribute products in interstate commerce on behalf of Defendant and its customers.

27. Plaintiffs' job did not require any advanced training or specialized skills other than those which were taught to them during Defendant's training session(s) and/or through on-the-job training provided by Defendant.

28. Plaintiffs' primary duties included delivering, transferring and picking up numerous types of supplies and equipment for Defendant's customers.

29. Plaintiff, JOSEPH GARDNER worked in this capacity from on or around March 2013 through March 2020.

30. Plaintiff, STACY STEBBINS worked in this capacity from on or around March 2013 through March 2020.

31. The work performed by Plaintiffs was integral to Defendant's business because without these workers, Defendant's customers would not be served, and Defendant would not generate income.

32. Plaintiffs were economically dependent upon Defendant for their livelihood.

33. Plaintiffs exclusively worked for Defendant during the relevant time period (last three years).

34. Plaintiffs were not in business for themselves.

35. Plaintiff, JOSEPH GARDNER was paid directly by Defendant.

36. Defendant paid Plaintiff, JOSEPH GARDNER, a piece rate based on certain details/criteria related to each "run" or "delivery" made on behalf of Defendant, regardless of the number of hours worked by him.

37. As a result, Plaintiff, JOSEPH GARDNER, did not receive proper overtime and/or minimum wage compensation during one or more workweeks.

38. Defendant determined the nature and amount of Plaintiff, JOSEPH GARDNER's pay.

39. Plaintiff, STACY STEBBINS was not paid any compensation whatsoever by Defendant, despite Defendant's knowledge of the work performed by her on behalf of Defendant and its customers.

40. As a result, Plaintiff, STACY STEBBINS, did not receive proper overtime and/or minimum wage compensation during one or more workweeks.

41. Defendant had exclusive control over the compensation received by its drivers/couriers, including Plaintiffs.

42. Plaintiffs did not have the ability to negotiate their rate(s) of pay.

43. Plaintiffs did not negotiate their rate(s) of pay.

44. Defendant controlled the work schedule of Plaintiffs.

45. Plaintiffs' weekly schedule varied depending on the needs of Defendant and Defendant's customers.

46. Plaintiffs could not refuse work offered by Defendant.

47. Plaintiffs were closely supervised by Defendant's supervisors.

48. Plaintiffs regularly communicated with Defendant's dispatchers and/or management during the performance of their duties each day.

49. Defendant and/or its customers assigned the routes to Plaintiffs.

50. Defendant dictated the order and time in which Plaintiffs were required to make deliveries each day.

51. Plaintiffs could not leave these routes without Defendant's express permission.

52. Defendant would direct Plaintiffs to pick up and drop off deliveries to Defendant's customers.

53. Defendant required its drivers/couriers, including Plaintiffs, to "log in" at the beginning of their work day and to "log out" at the end of their work day from an application(s) on their phones.

54. Defendant required Plaintiff, JOSEPH GARDNER, to "log in" at the beginning of his work day and to "log out" at the end of his work day from an application(s) on his phone.

55. Defendant required Plaintiff, JOSEPH GARDNER, to log-in and log-out each day, typically from a phone application called "Next Stop" or "XMobile."

56. Plaintiffs were required to notify Defendant's dispatchers and/or management whenever they completed job assignments.

57. Plaintiffs did not have discretion with respect to the performance of their job assignments.

58. Defendant required Plaintiff, JOSEPH GARDNER, to complete paperwork regarding work performed.

59. Defendant required Plaintiff, STACY STEBBINS, to complete paperwork regarding work performed.

60. Defendant required Plaintiffs to obtain TSA certification/STA Numbers in order to make deliveries to/from airports on behalf of Defendant.

61. Defendant provided Plaintiffs with required questionnaires related to their TSA certifications to be completed by Plaintiffs on behalf of Defendant.

62. Defendant deducted all fees related to Plaintiffs' TSA certifications from Plaintiff, JOSEPH GARDNER's, paychecks on an annual basis.

63. Defendant issued Plaintiffs a uniform (shirt, jacket and hat) bearing Defendant's company logo and which they were required to wear on the job.

64. Defendant required Plaintiffs to pay for the uniforms they were required to wear on the job.

65. Defendant required Plaintiffs to put a company decal/magnet bearing Defendant's name, logo and phone number on the personal vehicles used by them when making deliveries on Defendant's behalf.

66. Defendant required Plaintiffs to keep a plaque bearing Defendant's name and in the windshield of the personal vehicles used by them when making delivers on behalf of Defendant.

67. Defendant required Plaintiff, STACY STEBBIN, to train in Defendant's office to

learn dispatching duties and duties related to accepting orders on behalf of Defendant and its customers.

68. Defendant provided Plaintiff, STACY STEBBINS, with a dispatch number, log in/out privileges and software required to dispatch from her home on behalf of Defendant and its customers.

69. Defendant required Plaintiffs to pay for a company cell phone and software to be used in performance of their job duties.

70. Plaintiffs incurred costs for gasoline, tolls, vehicle parts and fluids, automobile repairs and maintenance services, automobile insurance, and depreciation (collectively, "vehicular expenses") while traveling to and from jobs to perform delivery/courier duties for the primary benefit of Defendant.

71. Defendant did not track the vehicular expenses incurred by Plaintiffs.

72. Defendant did not reimburse Plaintiffs for any vehicular expenses incurred by Plaintiffs throughout their employment.

73. Defendant did not reimburse Plaintiffs pursuant to any per-mile reimbursement policy.

74. Defendant's systematic failure to reimburse Plaintiff, JOSEPH GARDNER, for vehicular expenses constitutes a kickback to Defendant, such that the wages it paid to Plaintiff, JOSEPH GARDNER, were not paid unconditionally or "free and clear."

75. Plaintiff, JOSEPH GARDNER, was not permitted by Defendant to work/provide services for other courier/delivery companies.

76. Plaintiff, STACY STEBBINS, was not permitted by Defendant to work/provide services for other courier/delivery companies.

77. Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

78. Plaintiffs were "employees" of Defendant within the meaning of the FLSA.

79. Throughout their employment with Defendant, Plaintiffs regularly worked in excess of forty (40) hours per week during one or more workweeks.

80. Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiffs overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

81. Plaintiffs' gross weekly wages combined also resulted in wages that fell below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA.

82. Defendant misclassified Plaintiffs and its drivers/couriers as "independent contractors" and failed to pay proper overtime compensation for all overtime hours worked and/or proper minimum wages during one or more workweeks.

83. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiffs.

84. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

85. Defendant had acted willfully in failing to pay Plaintiffs in accordance with the law.

86. Defendant failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiffs in violation of 29 C.F.R. § 516.20.

87. Upon information and belief, the records concerning the deliveries made and amounts paid to Plaintiffs, to the extent any exist and are accurate, are in the possession and custody of Defendant.

88. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1- 88 above.

90. Plaintiffs were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

91. During the relevant time period (the last three years) throughout their employment with Defendant, Plaintiffs worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

92. Defendant had knowledge of the overtime hours worked by Plaintiffs.

93. Plaintiffs should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

94. Defendant required Plaintiffs to pay for vehicular expenses, without proper reimbursement.

95. Defendant's systematic failure to reimburse Plaintiff, JOSEPH GARDNER, for his vehicular expenses constitutes a kickback to Defendant, such that the wages it paid to Plaintiff, JOSEPH GARDNER were not paid unconditionally or "free and clear."

96. Defendant is aware of the laws which require its employees to be paid overtime compensation on a week by week basis.

97. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

98. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

99. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

100. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant;

  a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per workweek as allowable under the statute of limitations;

  b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

  c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

  d. Ordering any other further relief the Court deems just and proper.

### COUNT II - RECOVERY OF MINIMUM WAGES

101. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-88 above.

102. Plaintiffs were entitled to earn the statutory minimum wage rate for all hours worked per week while employed as driver/couriers for Defendant.

103. Defendant failed to compensate Plaintiffs at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks during the relevant time period (the last three years).

104. Defendant required Plaintiffs to pay for vehicular expenses, without proper reimbursement.

105. Defendant's systematic failure to reimburse Plaintiff, JOSEPH GARDNER, for his vehicular expenses constitutes a kickback to Defendant, such that the wages it paid to Plaintiff, JOSEPH GARDNER were not paid unconditionally or "free and clear."

106. Defendant was aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

107. Despite its knowledge of these laws, Defendant violated the FLSA's provision on minimum wages (29 U.S.C. §206).

108. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

109. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

110. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

111. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant;

a. Awarding Plaintiffs their unpaid minimum wages as allowable under the statute of limitations;

b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 6/2/2020 .

Respectfully submitted by,

_____
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff