**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

JOSEPH GARDNER and
STACY STEBBINS,

      Plaintiffs,

vs.                                    Case No: 2:20-cv-2390-SHM

BLUE SKY COURIERS, INC.,

      Defendant.

**JOINT MOTION AND MEMORANDUM**
**FOR APPROVAL OF SETTLEMENT OF FLSA CLAIM**

Plaintiffs, Joseph Gardner and Stacy Stebbins and Defendant, Blue Sky Couriers, Inc., file this Joint Motion and Memorandum for Order Approving Settlement of FLSA Claim. In support, the parties would state and show to the Court as follows:

### I. Introduction

In this Fair Labor Standards Act (FLSA) action, the parties reached an agreed settlement during mediation pursuant to which the parties have agreed to release and resolve all claims relating to this matter and enter a stipulated judgment of dismissal with prejudice. This Court follows the majority of the Circuits and requires FLSA settlements to be approved by either the Department of Labor or a court. *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016). The proper procedure for obtaining court approval is for the parties to present to the court a proposed settlement, on which the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Thomas v. Dania Mgmt. Grp., Inc.*, 2019 WL 11583347, at *1 (W.D. Tenn. Aug. 30, 2019)(citing *Lynn's Food Stores, Inc. v. United*

*States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). If the settlement reflects a reasonable compromise over disputed issues such as FLSA coverage or computation of back wages, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The parties' settlement here fairly resolves a bona fide dispute over FLSA coverage and the computation of back wages allegedly owed, and the parties hereby request that it be approved.

## II. Facts & Procedural History

On June 2, 2020, Plaintiffs filed this lawsuit in the United States District Court for the Western District of Tennessee, alleging that Defendant violated the FLSA by (i) improperly classifying Plaintiff Joseph Gardner as an independent contractor and failing to pay overtime compensation during weeks he worked more than 40 hours; and (ii) by failing to pay Stacy Stebbins minimum wage and overtime compensation for services she allegedly provided for Blue Sky. On July 13, 2020, Defendant filed an Answer denying all claims.

Plaintiff Joseph Gardner entered into an "Independent Contractor Agreement for Transportation Services" (the "Contract") with Defendant under which he worked as a delivery driver/courier. The Contract states the relationship between the parties was that of an independent contractor and not employer/employee, but Plaintiffs' Complaint alleges he was misclassified. Defendant contends that it had no obligation to pay Plaintiff Stebbins as an employee or independent contractor. Specifically, Defendant contends that she was an employee/sub-contractor of Gardner and that she assisted him, at his sole request, with his independent contractor duties. Gardner alleges that he was "fired" from Blue Sky after Blue Sky withdrew its acceptance of the sub-contractor agreement between Gardner and Stebbins, which Blue Sky denies.

Plaintiff Gardner owned and operated his own vehicle and was responsible for all vehicle expenses, including fuel and maintenance. Plaintiff Gardner carried his own insurance, purchased any equipment he needed, and paid all self-employment and other taxes. Defendant contends that Plaintiff Gardner set his own hours and the hours for Stebbins, could choose to select or reject available delivery jobs, and was free to work elsewhere. Plaintiff Gardner contends that Defendant controlled his hours and Plaintiff Stebbins' hours and the manner in which they performed the deliveries. Defendant paid Plaintiff Gardner a flat percentage of the net revenue for each delivery, but did not pay any money directly to Plaintiff Stebbins because it denies she was an employee or contractor of Defendant. During the relevant time period, Plaintiffs typically worked at night because Defendant compensated its drivers at a higher percentage for such shifts.

Defendant uses an integrated software program to manage its business whereby delivery drivers use a mobile application to accept available jobs. The mobile app tracks the time of acceptance and delivery of each job. Plaintiffs also maintained handwritten "manifests" both before and after Defendant began using the integrated software program, which included details information regarding the timing and pay for deliveries.

After the Court set the Scheduling Order governing this matter, the parties engaged in an exchange of written discovery and each Plaintiff was deposed. Defendant produced voluminous records to include handwritten manifests prepared by Plaintiffs and records from Defendant's software program documenting the details of each delivery completed by the Plaintiffs, which included details such as pick-up time, drop-off time, time spent and pay for completed deliveries. Each of the parties prepared independent calculations of hours worked, and the weekly hourly wage for work weeks during the relevant time period. Plaintiffs, with the assistance of counsel,

calculated the amount of overtime and minimum wages allegedly due to each of them should they prevail under the FLSA. Plaintiffs' calculations were shared with Defendant prior to mediation.

On April 30, 2021, the parties engaged in a full-day mediation with Stephen Shields, which was court-ordered under the Western District's ADR Plan. In an effort to save the time and expense of further litigation, the Parties reached a compromise to settle all claims for a total of $75,000.00. While the parties dispute whether the FLSA applies, whether a 2 or 3 year statute of limitations applies, and whether Plaintiffs are entitled to liquidated damages, the parties submit that this payment fully compensates Plaintiffs for any alleged overtime and/or minimum wages, liquidated damages, and attorneys' fees.

### III. The Standard for Settlement Approval.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also, e.g.*, *Scott v. Titlemax of Tennessee, Inc.*, 2015 WL 12516225, at *1 (W.D. Tenn. May 8, 2015). In *Lynn's Food Stores,* the court established the following factors for a district court to consider for approval of an agreed-upon resolution of an FLSA claim: (1) was it achieved in an adversarial context; (2) was the Plaintiff represented by attorneys who can protect his rights; (3) does it reflect a "fair and reasonable" compromise over issues that are actually in dispute? *Id.* at 1353-54.

With respect to the third consideration above as to whether the settlement is "fair and reasonable," courts in this Circuit have considered the following six factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of litigation; (3) the stage of the

4

proceedings and the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See, e.g.*, *Green v. Hepaco, LLC*, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014).

## IV.  The Court Should Approve the Parties' Settlement.

With respect to the *Lynn's Food* factors, the settlement was reached in an adversarial context after the filing of a lawsuit, and the parties reached a resolution at arm's length through mediated negotiations with experienced counsel who protected the rights of both parties. As discussed above, the Parties agreed to this settlement after extensive written discovery, including Plaintiffs' depositions, the exchange of individual discovery requests and responses, and production of thousands of pages of responsive documents.  The parties were well informed of the strengths and weaknesses of their various positions and were in a position to weigh the merits and resolve this matter.

In light of the significant disputes underlying the Plaintiffs' FLSA claims, coupled with the uncertainty of knowing which party would ultimately succeed on the merits and how much the potential recovery would be, if any, the parties believe their proposed settlement reflects a fair and reasonable compromise of the issues in dispute.  Specifically, the parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the parties with respect to whether the FLSA applies, whether Plaintiff Gardner was properly classified as an independent contractor, whether he worked overtime hours, whether Plaintiff Stebbins was an employee of Defendant entitled to minimum or overtime wages, whether a 2 or 3 year statute of limitations applies, whether alleged liquidated damages are appropriate, and the amount of damages, if any, that were available to the Plaintiffs under the FLSA. Analysis of the six factors listed above also supports approval of settlement.

Although both parties believe that they will succeed at trial on the merits, there is no guarantee as to the outcome for either party, and this settlement allows the parties to avoid a complex and lengthy trial with an uncertain outcome. The ultimate question is whether the plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. The risks posed by Defendant's categorical denial of Plaintiffs' claims justifies a compromise which provides an immediate settlement payment to Plaintiffs.  Plaintiffs' counsel is experienced in litigating individual and collective action lawsuits under the FLSA and believes that this agreement is both fair and reasonable.

With the Court's approval, the parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiffs' claims under the FLSA.  So that the Court can see the precise consideration for the agreement, the parties have submitted the agreement as Exhibit A to this motion. This agreement resolves all issues in this case and will result in a full and final dismissal of all claims asserted in this matter.

## V. **Plaintiffs' Attorneys' Fees are Reasonable and should be Approved.**

As noted above, as part of the mediated settlement, the parties have reached an agreement as to the amount of attorney's fees and costs to which Plaintiffs' counsel is entitled. The attorneys' fees and costs were negotiated and are to be paid separately and do not bear on the reasonableness of the amounts being paid to the Plaintiffs.  *See Bonetti v. Embarq Mgmt. Co,* 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  Furthermore, the attorneys' fees and costs are reasonable given the nature and extent of the work performed in this contested matter.  This matter began almost a year ago on June 2, 2020, with extensive written discovery and discovery disputes that had to be resolved between the parties. The amount of attorney's fees and costs sought is less than the amount agreed to in Plaintiffs' contract with their attorneys as well as

below the lodestar amount of counsel's fees. Should the Court desire to review Plaintiffs' counsel's billing records, the documents will be promptly provided to the Court for in camera review. The parties have further agreed that, other than the attorneys' fees payment in the Settlement Agreement, each party is responsible for their own attorneys' fees and costs associated with this action. The attorneys agree to release any further claim or lien in relation to the attorneys' fees.

## **CONCLUSION**

This FLSA settlement is the product of arms-length negotiation in mediation between the parties and fairly and reasonably resolves several *bona fide* disputes. The proposed FLSA Settlement Agreement and Plaintiff's attorneys' fees satisfy the criteria set forth under the applicable case authority and regulations. For these reasons and all those set forth above, the Court should grant the parties' Joint Motion for Final Approval of the Settlement Agreement.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court approve their settlement in this matter and dismiss the lawsuit with prejudice.

Respectfully Submitted,

MORGAN & MORGAN, P.A.

By: *s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
20 N. Orange Avenue, 15th Floor
Orlando, Florida 32801
Tel: (407) 420-1414
Fax: (407) 245-3383
E-Mail: kimd@forthepeople.com
*Attorneys for Plaintiffs*

HARRIS SHELTON HANOVER WALSH, PLLC

By: *s/ Laura S. Martin*
Brett A. Hughes, BPR No. 18048
Laura S. Martin, BPR No. 26457
6060 Primacy Parkway, Suite 100

Memphis, TN 38119
T: 901.525.1455
F: 901.526.4084
bhughes@harrisshelton.com
lmartin@harrisshelton.com

*Attorneys for Defendant Blue Sky Couriers, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served via ECF on all counsel of record on May 6, 2021.

                             *s/Laura S. Martin*
                              Laura S. Martin