<u>FLSA SETTLEMENT AGREEMENT</u>

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Joseph Gardner** ("Gardner") and **Stacy Stebbins** ("Stebbins") (collectively referred to as "Plaintiffs") and **Blue Sky Couriers, Inc.** ("Defendant"), and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Plaintiffs and Defendant shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by Defendant of any violation of any law or any other liability including common law liability to Plaintiffs.

WHEREAS, Plaintiffs alleged that they were employees of Defendant from March 2013 to March 2020;

WHEREAS, Defendant denies that Gardner was an employee and instead asserts that Gardner was an independent contractor of Defendant;

WHEREAS, Defendant denies that Stebbins was an employee or independent contractor of Defendant;

WHEREAS, Plaintiffs alleged unlawful employment practices in violation of Federal law against Defendant by filing a lawsuit titled, *Gardner, et al v. Blue Sky Couriers, Inc.*, Case No.: 2:20-cv-02390-SHM  ("Lawsuit")*,* allegations which Defendant vehemently denies; and

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

Exhbit A

1. **Released Parties' Obligations to Plaintiffs.** Defendant agrees to pay to Plaintiffs the total amount of Seventy-Five Thousand Dollars and 00/100 cents ($75,000.00), allocated as follows:

    A.    A check made payable to Joseph Gardner in the amount of $22,000.00 representing $11,000.00 in alleged unpaid wages and $11,000.00 in alleged liquidated damages, for which an IRS Form 1099 will be issued to Joseph Gardner; and,

    B.    A check made payable to Stacy Stebbins in the amount of $22,000.00 representing $11,000.00 in alleged unpaid wages and $11,000.00 in alleged liquidated damages, for which an IRS Form 1099 will be issued to Stacy Stebbins; and,

    C.    A check in the amount of $31,000.00 for attorneys' fees and costs, for which an IRS Form 1099 will be issued to Morgan & Morgan, P.A., (Tax ID No.: 59-2920684). ***Plaintiffs are specifically aware of, and agree to, the consideration to be paid to their attorneys for representing their interests in this matter.***

The settlement payments described above will be due in Plaintiffs' counsel's office **via FedEx or UPS delivery** (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, 15th Floor, Orlando, FL 32801) within five (5) calendar days of the Court's entry of an Order approving this Agreement.

2. **Full Relief of FLSA Claims.**   Plaintiffs represent and acknowledge that the settlement proceeds identified herein constitute payment in full for all of their claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.*, including claims for overtime, minimum wages, liquidated damages and attorney's fees and costs.

3. **Court Approval of the Settlement and Dismissal of Lawsuit.**  Upon receipt of Agreements executed by all Parties in this Lawsuit, Plaintiffs' counsel shall file the Parties' Joint

Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice. If the Court fails to enter an order approving the settlement described in this Agreement, then this Agreement and its terms shall be null and void.

4. **Plaintiffs' Obligations to the Released Parties**. Upon receipt of the settlement payments outlined in Paragraph 1 of this Agreement, Plaintiffs release and forever discharge The Released Parties from any and all wage related claims, causes of action, damages, or liability, including but not limited to claims for back pay, minimum wages, overtime compensation, liquidated damages, punitive damages, interest, costs, or attorney's fees, that were, or could have been, alleged in the Lawsuit, including, but not limited to, all wage related claims arising under statutory, common law, contract or tort law theories of recovery. Plaintiffs further acknowledge that no other payments are due and owing to them as a result of the hours worked during their alleged employment with Defendant.  Plaintiffs shall not initiate or instigate any future judicial or administrative proceedings against The Released Parties that in any way involve allegations or facts arising from the hours worked during their alleged employment with Defendant in any forum as of the date of execution of this Agreement. Plaintiffs will be responsible for any tax liability arising from the settlement payments whether as attorneys' fees, costs, expenses, taxable wage income, or taxable non-wage income. Plaintiffs and Plaintiffs' counsel understand and agree they have not relied on any express or implied representations made by Defendant concerning any tax implications of the settlement.

5. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

Exhbit A

7. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the claims released under this Agreement.

8. **Severability.** Except as otherwise provided in Paragraph 3, if any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. **Counterparts and Execution.** This Agreement may be executed in separate counterparts, each of which will be deemed to be an original and all of which taken together will constitute one and the same Agreement. Each counterpart shall have the same effect as if made upon the same instrument, and execution and delivery by facsimile, PDF or other electronic communication or method, including the DocuSign electronic signature system, shall bind the Parties to the same extent as would the execution and delivery of manually executed counterparts.

10. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee, without regard to its choice of laws or conflict of laws principles.

12. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

14. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. **Full and Knowing Acceptance.** This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

[Signature Page to Follow]

Date: _____  _____
                              **JOSEPH GARDNER**

Date: _____  _____
                              **STACY STEBBINS**

                              **BLUE SKY COURIERS, INC.**

Date: __5/4/2021__            _____
                              Sign
                              Print Name: __RICK HECHINGER__
                              Representative of Blue Sky Couriers, Inc.

6

Exhbit A

Date: 5/4/2021 _____   _____
**JOSEPH GARDNER**

Date: _____   _____
**STACY STEBBINS**

**BLUE SKY COURIERS, INC.**

Date: _____   _____
Sign
Print Name: _____
Representative of Blue Sky Couriers, Inc.

Date: _____      _____
                                 **JOSEPH GARDNER**


Date:    5/4/2021                *Stacy Stebbins*
      _____      _____
                                 **STACY STEBBINS**



                                 **BLUE SKY COURIERS, INC.**

Date: _____      _____
                                 Sign
                                 Print Name: _____
                                 Representative of Blue Sky Couriers, Inc.

6

Exhbit A