IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOSEPH GARDNER and STACY STEBBINS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:20-cv-02390-SHM-atc ) |
| BLUE SKY COURIERS, INC., | ) ) |
| Defendant. | ) ) ) |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Before the Court is Plaintiffs Joseph Gardner and Stacy Stebbins ("Plaintiffs") and Defendant Blue Sky Couriers, Inc.'s ("Blue Sky") May 6, 2021 Joint Motion for Approval of Settlement of FLSA Claim (the "Motion"). (D.E. No. 27.) The Motion is GRANTED.

**I.   Background**

Blue Sky is a local and regional expedited delivery service. (D.E. No. 4 ¶ 24.) Plaintiffs worked as delivery-drivers servicing Blue Sky's customers from about March 2013 through March 2020. (Id. ¶¶ 28-30.) Whether Gardner was an employee or an independent contractor of Blue Sky is contested. (D.E. No. 27 at 83.) Whether Stebbins was an employee of Blue Sky or an independent contractor of Gardner is contested. (Id.)

1

Gardner was paid by Blue Sky at a piece rate per delivery without reference to the number of hours he worked. (D.E. No. 4 ¶ 36.) Stebbins was not paid by Blue Sky at all. (Id. ¶ 39.) Plaintiffs allege that Blue Sky did not pay them overtime and/or minimum wage compensation during one or more workweeks. (Id. ¶¶ 37, 40.) Blue Sky denies that Plaintiffs were not properly paid. (D.E. No. 11 ¶ 37, 40.)

On June 2, 2020, Plaintiffs filed the Complaint. (D.E. No. 1.) The same day, Plaintiffs filed an Amended Complaint. (D.E. No. 4.) They allege violations of the FLSA's overtime and minimum wage provisions. (Id. ¶¶ 89-111.)

On May 6, 2021, Plaintiffs and Blue Sky filed the Motion. (D.E. No. 27.) The parties jointly represent that they have negotiated a resolution of Plaintiffs' FLSA claims and move the Court to approve the FLSA Settlement Agreement and dismiss Plaintiffs' Complaint with prejudice. (Id.)

**II. Standard of Review**

The FLSA imposes a minimum wage and an overtime wage for several categories of employee. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue her employer to recover unpaid wages, an additional and equal amount as liquidated damages, and a reasonable attorneys' fee. Id. § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." Bartlow v. Grand Crowne Resorts of Pigeon Forge, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." Id. (citing Lynn's Food Stores v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's, 679 F.2d at 1355; see also Green v. Hepaco, LLC, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). Courts consider five factors when making that determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Williams v. Alimar Sec., Inc., No. 13-cv-12732, 2016 WL 6405798, at *3 (E.D. Mich. Oct. 31, 2016) (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). "A district

3

court may choose to consider only factors that are relevant to the settlement at hand." Snook v. Valley Ob-Gyn Clinic, P.C., No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

**III. Analysis**

Plaintiffs and Blue Sky have entered into a Settlement Agreement resolving Plaintiffs' FLSA claims. (See D.E. No. 27-1.) The Settlement Agreement provides that Blue Sky will pay a Settlement Amount of $75,000, of which $22,000 will be paid to Gardner, $22,000 will be paid to Stebbins, and $31,000 will be paid to Plaintiffs' counsel as an attorneys' fee. (Id. ¶ 1.)

The parties represent that they reached the Settlement Agreement after a full day mediation. (D.E. No. 27 at 85.) They represent that there are significant disputes between Plaintiffs and Blue Sky about whether the FLSA applies, whether a two or a three year statute of limitations applies, and whether Plaintiffs are entitled to liquidated damages. (Id.) The parties represent that the settlement payment will "fully compensate" Plaintiffs for any alleged wages due, liquidated damages, and attorneys' fees. (Id.) The parties ask that the Settlement Agreement be approved and that Plaintiffs' Complaint be dismissed with prejudice. (Id. at 88.)

The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See Lynn's, 679

4

F.2d at 1355. There was a bona fide dispute about whether Gardner was an independent contractor, whether he worked overtime hours, whether Stebbins was an employee of Blue Sky, what statute of limitations applies, and the amounts and types of damages available. (D.E. No. 27 at 86.) The parties are represented by experienced employment law counsel who engaged in extensive settlement discussions. The Settlement Agreement is a fair and reasonable compromise of Plaintiffs' claims, which would otherwise require significant costs on both sides to bring to trial.

The Court has reviewed the Settlement Agreement. The Settlement Amount is reasonable. The apportioned attorneys' fee of $31,000 is reasonable. It is approximately forty-one percent (41%) of the total settlement amount and is in accord with the customary fees that courts in this Circuit generally approve. See, e.g., Pittman v. Matalco (U.S.), Inc., No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (collecting cases where attorneys' fees greater than plaintiff's recovery were reasonable); Brittmon v. Upreach LLC, No. 2:17-cv-0219, 2018 WL 7889855, at *1-2 (S.D. Ohio Nov. 8, 2018) (approving FLSA settlement agreement providing for attorneys' fee equal to 40% of the overall settlement amount). The Motion for approval of the Settlement Agreement is GRANTED.

**IV. Conclusion**

For the foregoing reasons, the Motion is GRANTED. The FLSA Settlement Agreement is APPROVED. The Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED this 14th day of May, 2021.

                                              */s/ Samuel H. Mays, Jr.*
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE